## Haskell v. Haskell.

June 14, 1940.

Watt M. Prichard, Judge.

Woods & Woods for appellant.

Edwin G. Becker, H. A. Nieberding and Ella J. Sturgell for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

Henry A. Haskell, who died a resident of Boyd County, was at the time of his death the owner of a two-story business building in Ashland composed of two store rooms on the first floor, one of the store rooms being 25 feet wide and the other 20 feet wide with a stairway on the 25 foot side leading to the second floor.

By his will the testator devised to his wife, Minnie C. Haskell, the 25 foot side of the store building in fee simple. The remaining 20 foot portion of the store building was devised under clause 3 of the testator's will in the following language:

"I give and bequeath to Clarence Haskell and Frances Gray and Harry Irving Haskell the twenty

(20) feet adjoining the Grand Theatre, in Ashland, Kentucky, together with the use of the partition walls where the Gallaher store is now located, on the following terms and conditions: They are to have the use of the exit hall and stairway as long as it remains in their possession. Clarence Haskell is to have forty per cent of the income therefrom; Frances Gray is to have forty per cent of the income therefrom; and Harry Irving Haskell is to have twenty per cent of the income therefrom; but they shall not have the right to sell said property unless the same is agreeable to Minnie C. Haskell. Upon the death of Harry Irving Haskell, the twenty per cent given to him shall go to Clarence Haskell and Frances Gray, share and share alike, or to their heirs, if either of them be dead. In the event of the death of Minnie C. Haskell, then Clarence Haskell or Frances Gray may sell their interest, if they desire to do so; but Harry Irving Haskell shall not have the right to sell his interest in said building at all, but is given only the income of twenty per cent with the remaining interest at his death going to Clarence Haskell, or his heirs, or to Frances Gray or her heirs, share and share alike. I mean by that, if either Clarence Haskell or Frances Gray be dead, leaving heirs at law, then their heirs at law shall receive that portion of said building which their parents, if alive, would have received.''

The testator's widow, Minnie C. Haskell, has entered into a contract with Clarence Haskell, Frances Gray and Harry Irving Haskell to purchase the 20 foot portion of the building devised by the above quoted clause. She is willing to comply with her agreement to purchase but being doubtful of the right of the three named devisees to convey to her a good fee simple title, this action was filed seeking a declaration of rights with reference thereto. The trial court adjudged that the three named devisees could convey a good fee simple title to appellant as purchaser and to determine the correctness of that judgment this appeal follows.

The trial court adjudged, and both appellant and appellee concur in his judgment, that the heirs of Clarence Haskell and Frances Gray have a contingent remainder in the twenty percent interest devised to Harry

Irving Haskell. The trial court was of the opinion, however, that Harry Irving Haskell took more than a life estate under the will and that the interest taken by him was a defeasible fee, or a life estate with an added power of disposal which was one and the same thing, and that therefore he could convey a good fee simple title to appellant for the whole of his twenty percent interest in the property and thereby defeat the remainder devised to Clarence Haskell and Frances Gray and their heirs at law.

To sustain the judgment of the trial court the appellees insist that the language of the will, "but they shall not have the right to sell said property unless the same is agreeable to Minnie C. Haskell," gives to Harry Irving Haskell the right to sell his interest during the lifetime of Minnie C. Haskell with her consent. There might be some plausibility in this position were this the only language in the will with reference to a sale of the property, but later in the will we find this provision, "but Harry Irving Haskell shall not have the right to sell his interest in said building *at all*, but is given only the income of twenty percent with the remaining interest at his death going to Clarence Haskell, or his heirs, or to Frances Gray or her heirs." We must look to the whole will and construe all provisions thereof together and when we do so it is plainly apparent that the first quoted language with reference to a sale of the property during the lifetime of Minnie C. Haskell refers only to a sale by Clarence Haskell and Frances Gray. The later language of the will provides as plainly and as clearly as it is possible to do so that Harry Irving Haskell has no right to sell his twenty percent interest *at all*. Nor do we see how language could specify more plainly that Harry Irving Haskell should have only a life estate in the property since he is forbidden to sell his interest and is given only the income from twenty percent of the building with the remainder at his death to others.

We reach the conclusion that Harry Irving Haskell has only a life estate in twenty percent of the building with no power of sale given him under the will and that the remainder passes under the will in accordance with its terms. Since it is conceded that the heirs at law of Clarence Haskell and Frances Gay have a contingent remainder in the twenty percent devised to Harry Irv-

ing Haskell for life, a good fee simple title cannot be conveyed to appellant by Harry Irving Haskell, Clarence Haskell and Frances Gray joining together in the conveyance.

Judgment reversed with directions to enter a judgment in conformity with this opinion.